IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02778-BNB

WESLEY R. "WOLF" BROWN,

      Plaintiff,

v.

ADAMS CO. (CO.'S SEVENTEENTH) JUDICIAL DIST., and
ADAMS CO. SHERIFF'S DEPT.,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 0 2011

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

      Plaintiff, Wesley R. "Wolf" Brown, is confined at the Adams County Detention Facility in Brighton, Colorado. Mr. Brown initiated this action by filing *pro se* a Complaint. On December 17, 2010, Mr. Brown filed an amended complaint pursuant to 42 U.S.C. § 1983 on the proper Prisoner Complaint form. The court must construe the amended complaint liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brown will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

      The court has reviewed the amended complaint and has determined that the amended complaint is deficient. It appears that Mr. Brown has filed suit because he is experiencing difficulty in representing himself in a proceeding in the Adams County District Court. However, it is not clear what specific claim or claims Mr. Brown is

asserting and it also is not clear exactly who he intends to name as Defendants in this action. As a result, the court finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Brown fails to set forth a short and plain statement of his claim or claims showing that he is entitled to relief. First, it appears that the Defendant identified by Mr. Brown as "Adams Co. (Co.'s Seventeenth) Judicial Dist." is not a proper Defendant in this action. Mr. Brown is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal

rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999).  It does not appear that the

Defendant identified as "Adams Co. (Co.'s Seventeenth) Judicial Dist." is a person

subject to suit pursuant to § 1983.  In addition, because the Adams County District

Court is a state entity, it appears that whatever claims Mr. Brown may seek to assert

against it would be barred by Eleventh Amendment immunity. ***See Will v. Michigan***

***Dep't of State Police***, 491 U.S. 58, 66 (1989).

It also appears that the Defendant identified as "Adams Co. Sheriff's Dept." is not

a "person" under § 1983.  To the extent Mr. Brown may intend to sue Adams County for

the execution of an official county policy or custom, he is advised that, under Colorado

law, "[i]n all suits or proceedings by or against a county, the name in which the county

shall sue or be sued shall be, 'The board of county commissioners of the county of

.........'" Colo. Rev. Stat. § 30-11-105.  However, to the extent Mr. Brown may intend to

bring a claim or claims against Adams County, he must identify a municipal policy or

custom that caused the alleged violations of his rights. ***See Dodds v. Richardson***, 614

F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal

liability).

It also is possible that Mr. Brown intends to assert his claim or claims against the

Adams County Sheriff rather than Adams County because, as noted above, he is

confined at the Adams County Detention Facility.  Under Colorado law, "the [county]

commissioners and the sheriff are separately elected officials" and "the Board [of

county commissioners] does not exercise managerial control over either the sheriff or

the detention center and its staff." ***Terry v. Sullivan***, 58 P.3d 1098, 1102 (Colo. App.

2002); *see also Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005),

*Frazier v. Jordan*, No. 06-1333, 2007 WL 60883 at *6 (10th Cir. Jan. 10, 2007). If Mr.

Brown does intend to assert a claim against the sheriff, he must name the sheriff as a

Defendant and he must clarify what specific claim or claims he is asserting.

　　For these reasons, Mr. Brown will be ordered to file a second amended

complaint if he wishes to pursue his claims in this action. If Mr. Brown fails to file a

second amended complaint that clarifies who he is suing as well as the specific claims

he is asserting against each named Defendant, the action will be dismissed. Mr. Brown

is advised that, in order to state a claim in federal court, he "must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007). The general rule that *pro se* pleadings must be construed liberally has limits

and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux*

*& Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

　　ORDERED that Mr. Brown file, **within thirty (30) days from the date of this**

**order**, a second amended complaint that complies with this order. It is

　　FURTHER ORDERED that the clerk of the court mail to Mr. Brown, together with

a copy of this order, two copies of the following form: Prisoner Complaint. It is

　　FURTHER ORDERED that, if Mr. Brown fails within the time allowed to file a

second amended complaint that complies with this order, the action will be dismissed

without further notice.  It is

FURTHER ORDERED that Mr. Brown's "Ex-Parte Motion for Research

Assistance" filed on December 30, 2010, is DENIED.

DATED January 10, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02778-BNB

Wesley R. "Wolf" Brown
Prisoner No. 10-12953
Adams County Detention Facility
PO Box 5001
Brighton, CO 80601

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on January 10, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk