IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 6 2011

GREGORY C. LANGHAM
                              CLERK

Civil Action No. 10-cv-02778-BNB

WESLEY R. "WOLF" BROWN,

     Plaintiff,

v.

ADAMS CO. (CO.'S SEVENTEENTH) JUDICIAL DIST., and
ADAMS CO. SHERIFF'S DEPT.,

     Defendants.

---

## ORDER

---

     Plaintiff, Wesley R. "Wolf" Brown, is an inmate at the Adams County Detention

Facility in Brighton, Colorado.  This matter is before the Court on Mr. Brown's "Motion

for Temporary Restraining Order Pending a Hearing for a Preliminary Injunction, Fed.

R. Civ. P. Rule 65" (Doc. #11) filed *pro se* on January 11, 2011.  The Court must

construe the motion liberally because Mr. Brown is not represented by an attorney.  *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.

*See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion will be denied.

     The Court may not issue a temporary restraining order unless Mr. Brown shows,

in part, "that immediate and irreparable injury, loss, or damage will result . . . before the

adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  Mr. Brown

seeks a temporary restraining order directing Defendants to allow him access to the law

kiosk at the Adams County Detention Facility and to provide him with the supplies

necessary to defend himself against criminal charges in the Adams County District Court. The Court notes that on January 10, 2011, Magistrate Judge Boyd N. Boland entered an order in this action directing Mr. Brown to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it is not clear what specific claims Mr. Brown is asserting and it also is not clear exactly who he intends to name as Defendants in this action.

The Court finds that Mr. Brown is not entitled to issuance of a temporary restraining order. First, because it is not clear exactly who Mr. Brown intends to name as Defendants in this action, it is not clear to whom a temporary restraining order should be directed. More importantly, Mr. Brown has not made the necessary showing that he will suffer immediate and irreparable injury if he is not granted the legal access and materials he desires. He alleges that he has been able to access the law kiosk on a number of occasions and he has managed to access paper and supplies for his various filings in this action. Furthermore, attached to a document titled "Notice of Further Developments in Support of Motion for Temporary Restraining Order" (Doc. #12) that also was filed on January 11, 2011, is a copy of an order entered on December 29, 2010, by District Judge F. Michael Goodbee of the Adams County District Court in Mr. Brown's criminal case that provides "Defendant shall be granted reasonable access to legal facilities at the county jail." (Doc. #12 at p.24.) The order also indicates that advisory counsel has been appointed to assist Mr. Brown in his state court criminal case, although Mr. Brown was granted a hearing on his request that advisory counsel be discharged. Therefore, for all of these reasons, the motion for a temporary restraining order will be denied. Accordingly, it is

2

ORDERED that the "Motion for Temporary Restraining Order Pending a Hearing

for a Preliminary Injunction, Fed. R. Civ. P. Rule 65" (Doc. #11) filed on January 11,

2011 is denied.

DATED at Denver, Colorado, this 26th day of January, 2011.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02778-BNB

Wesley R. "Wolf" Brown
Prisoner No. 10-12953
Adams County Detention Facility
PO Box 5001
Brighton, CO 80601

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 26, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
            Deputy Clerk