IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02778-BNB

WESLEY R. BROWN,

     Plaintiff,

v.

J. DOE, Chief Judge, Colorado's Seventeenth Judicial District in and for Adams County,
F. MICHAEL GOODBEE, Adams County District Court Judge, and
DOUGLAS DAIR, Adams County Sheriff,

     Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Wesley R. Brown, is a pretrial detainee at the Adams County Detention Facility in Brighton, Colorado.  Mr. Brown initiated this action by filing *pro se* a complaint (Doc. #2).  On December 17, 2010, Mr. Brown filed an amended complaint on the proper form (Doc. #6).  On January 10, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Brown to file a second amended complaint that clarifies who he is suing as well as the specific claims he is asserting against each named Defendant.  On January 28, 2010, Mr. Brown filed a second amended complaint pursuant to 42 U.S.C. § 1983 (Doc. #18).  He seeks declaratory and injunctive relief.

Mr. Brown has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the second amended complaint at any time if the claims asserted are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See*

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the second amended complaint as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Brown is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

As noted above, Mr. Brown is a pretrial detainee and he alleges that he is facing criminal charges in the Adams County District Court.  Mr. Brown has filed the instant action because he alleges he is being denied reasonable access to an adequate law library at the Adams County Detention Facility.  He further alleges that he is being denied pens, paper, photocopies of pleadings, and the means to mail those pleadings.  Mr. Brown also alleges that he has been denied a publication from an authorized vendor.

The named Defendants in this action are the Chief Judge of the Adams County District Court, the Adams County District Court judge presiding over Mr. Brown's criminal case, and the Adams County Sheriff.  Mr. Brown is suing the Chief Judge of the Adams County District Court because "Plaintiff has been unable to discover a pro se program and its rules in and for Adams County and he believes it is this Defendants [sic] duty to promulgate one."  (Doc. #18 at p.2.)  Mr. Brown is suing Adams County

2

District Court Judge F. Michael Goodbee because Judge Goodbee has denied or failed to grant Mr. Brown's motions in his criminal case seeking access to an adequate law library. Mr. Brown is suing Adams County Sheriff Douglas Dair for the alleged inadequacies of the law library at the Adams County Detention Facility.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Accordingly, "access to a law library is only one of many constitutionally acceptable methods used to assure meaningful access to the courts." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999); *see also Love v. Summit County*, 776 F.2d 908, 912-13 (10th Cir. 1985) (concluding that a pretrial detainee is not entitled to access to a law library if other available means to access the court exist). Furthermore, "[i]t is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *Taylor*, 183 F.3d at 1204.

Mr. Brown alleges that he has elected to proceed *pro se* in his criminal case and that advisory counsel has been appointed to assist him. Although Mr. Brown is not satisfied with the assistance he has received from the attorney appointed as advisory counsel, his dissatisfaction with advisory counsel's performance does not mean that his constitutional rights have been violated. In fact, even if advisory counsel had not been appointed to assist Mr. Brown, "there is nothing constitutionally offensive about requiring a defendant to choose between appointed counsel and proceeding *pro se* without access to legal materials." *Id.* at 1205. "[A] prisoner who voluntarily, knowingly

3

and intelligently waives his right to counsel in a criminal proceeding is not entitled to access to a law library or other legal materials." *Id*. Therefore, the Court finds that Mr. Brown's claims that he is being denied access to the courts because he is denied access to an adequate law library and supplies necessary to submit filings in his criminal case are legally frivolous and must be dismissed.

Finally, Mr. Brown also asserts a claim based on the alleged denial of a publication from an authorized vendor by the mailroom at the Adams County Detention Facility. To the extent Mr. Brown may be claiming the denial of the publication implicates his right of access to the courts, the claim lacks merit for the reasons discussed above. To the extent Mr. Brown may be claiming that some other constitutional right has been violated, the claim lacks merit because it is not clear against whom the claim is being asserted or what constitutional right Mr. Brown is claiming was violated.

In the order directing Mr. Brown to file a second amended complaint, Magistrate Judge Boland advised Mr. Brown that, for each asserted claim, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite these explicit instructions, Mr. Brown does not specifically assert his claim regarding the denial of a publication from an authorized vendor against any named Defendant in this action and he does not allege any facts to demonstrate that any named Defendant personally participated in the alleged denial of a publication from an authorized vendor. In addition, to the extent he may be alleging the violation of

4

some right other than the right of access to the courts, he also fails to identify the specific legal right that allegedly has been violated. Therefore, this claim also will be dismissed. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. It is

FURTHER ORDERED that Plaintiff's "Motion for Reconsideration" (Doc. #19) filed on February 2, 2011, is denied as moot.

DATED at Denver, Colorado, this 17th day of February, 2011.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02778-BNB

Wesley R. "Wolf" Brown
Prisoner No.  10-12953
Adams County Detention Facility
PO Box 5001
Brighton, CO 80601

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 18, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk